IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 5:13CR19
                                              (STAMP)
BRIAN A. BEHRENS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING DEFENDANT'S MOTION TO SUPPRESS**

I.  Procedural History

The defendant in the above-styled criminal action, Brian A. Behrens, is the only defendant in a single-count indictment charging him as a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment also includes a forfeiture allegation. On August 2, 2013, the defendant filed a motion to suppress evidence obtained on the day of his arrest in violation of his constitutional rights under the Fourth Amendment. The United States filed a timely response to this motion, to which the defendant replied.

United States Magistrate Judge James E. Seibert issued a report and recommendation on September 3, 2013, recommending that the defendant's motion to suppress be denied. ECF No. 34. The magistrate judge concluded that the initial traffic stop was valid and the subsequent protective search of the defendant's car was

justified by a reasonable suspicion the defendant was armed and potentially dangerous. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they may file written objections by Friday, September 6, 2013. The defendant filed objections to the report and recommendation on September 6, 2013. ECF No. 44. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the defendant's objections, affirm and adopt the magistrate judge's report and recommendation in its entirety, and deny the defendant's motion to suppress.[1]

## II. Facts

On November 20, 2012, at approximately 5:00 p.m. on the second day of deer hunting season, the defendant was observed on McCutcheon Road in Ohio County, West Virginia, by West Virginia Department of Natural Resources Officer Stephen Haines ("Officer Haines"). Officer Haines, who was traveling northbound on McCutcheon Road, observed the defendant parked facing northbound, wearing camouflage clothing, and looking out the driver's side window at several deer on the hillside. Officer Haines testified, at the hearing, that he patrolled the area because he had a

---

[1] On Monday, September 9, 2013, this Court by letter to counsel (ECF No. 47) advised that it was affirming the magistrate judge's report and recommendations and denying the defendant's motion to suppress. This memorandum opinion and order sets forth those rulings in more detail. This case then proceeded to trial by jury on September 10, 2013.

2

complaint the prior hunting season that year about illegal deer hunting. Suppression Hr'g Tr. 8, Aug. 20, 2013. Officer Haines then stopped about 50 to 75 yards behind the defendant's vehicle, believing that the defendant was illegally hunting from his vehicle, until the defendant resumed traveling northbound on McCutcheon Road.

Officer Haines then pulled close enough to the vehicle to observe the license plate number and proceeded to call in the plate number to the Ohio County Sheriff's Office. The report on the plate came back as being valid and the vehicle being registered to a female. Officer Haines followed for approximately half a mile until the defendant made a sharp left turn onto the driveway of his family's former farm. At this point, Officer Haines activated his lights to stop the defendant's vehicle because, as he testified at the hearing, he had noticed the inspection sticker was expired at this point. Hr'g Tr. 12, 35.

The defendant stopped his car and exited the vehicle. Officer Haines approached the defendant and asked if he had a problem with his inspection sticker, to which the defendant replied in the affirmative. Hr'g Tr. 79. According to Officer Haines, the defendant at some point voluntarily informed Officer Haines that there was a firearm in the car and that it was loaded. Hr'g Tr. 14, 41-42. The exchange leading up to that admission by the defendant is unclear and Officer Haines is uncertain as to whether

or not he asked the defendant if there was a weapon in the vehicle. Hr'g Tr. 41-42. Officer Haines then testified that he entered the vehicle and retrieved the weapon from the vehicle, without the defendant's consent, believing that it posed a potential risk. Hr'g Tr. 41-42.

According to the defendant, however, he did not tell Officer Haines that there was a weapon in the vehicle. The defendant testified that Officer Haines asked whether there was a weapon in the vehicle and then opened the rear driver's side door and started to search the car before the defendant could respond. Hr'g Tr. 80-81. Further, the defendant stated that Officer Haines moved several items within the car and located the rifle underneath a pair of overalls. Hr'g Tr. 81. The defendant then testified that he told Officer Haines to remove the rifle from the front of the vehicle, which Officer Haines proceeded to do. Hr'g Tr. 81.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed timely

objections, this Court reviews de novo the magistrate judge's report and recommendation.

## IV. Discussion

### A. Contentions of the Parties

In his motion to suppress, the defendant argues that the firearm obtained by the officer on November 20, 2012 must be suppressed because it was obtained in violation of his constitutional rights under the Fourth Amendment. Specifically, the defendant contends that the officer had no probable cause to make a traffic stop because the inspection sticker would not have been visible from the distance at which Officer Haines was located behind the defendant. Because Officer Haines would not have been able to view the expired date on the sticker on the lower left-hand side of the defendant's front windshield from the vantage point of his vehicle, the defendant asserts that probable cause could not have existed. Further, according to the defendant, Officer Haines could not have had an articulable, reasonable suspicion that the defendant had committed, was committing, or was about to commit a crime. The defendant argues that the facts in this case–a man dressed in camouflage, stopped on the roadway, in the State of West Virginia, during deer hunting season–are mundane and "devoid of suspicion." ECF No. 15 *4. Thus, the defendant asserts, Officer Haines could not have legitimately stopped the defendant's vehicle.

In response, the government focused on the lower standard required for a law enforcement officer to meet when stopping a vehicle for law enforcement purposes. Officer Haines, the government argues, had a reasonable, articulable suspicion that the defendant was attempting to poach deer at the time of first observing him, and also that his inspection sticker was expired at the time he conducted the stop. Based on the defendant's behavior that Officer Haines observed, the government contends that Officer Haines met the standard to legally conduct the stop off of McCutcheon Road.

The defendant subsequently filed a reply and supplemental motion to suppress. In his reply, the defendant reiterated his contentions from the initial motion. In the supplemental motion to suppress, the defendant argues that not only was the vehicle stop unconstitutional but that the search of the vehicle was also constitutional. The defendant asserts that the officer had no right to search the vehicle because he had not arrested the defendant and the circumstances did not rise to meet any other exceptions to the warrant requirement.

B. <u>Motion to Suppress</u>

The defendant has raised two objections to the magistrate judge's finding that the gun should be admitted: (1) the defendant argues that Officer Haines did not possess probable cause to initiate the traffic stop of the defendant and (2) the defendant

argues that Officer Haines did not possess a reasonable, articulable suspicion that there was criminal activity afoot in order to support a search of the vehicle. This Court agrees with the magistrate judge's finding that Officer Haines had probable cause to make the initial traffic stop because of the expired inspection sticker that Officer Haines had seen before initiating the stop. Further, this Court agrees with the magistrate judge's report that, based on the totality of the circumstances, Officer Haines had a reasonable suspicion that the defendant was armed and potentially dangerous because he suspected the defendant was preparing to hunt, or was hunting, from his car.

1. The Initial Traffic Stop

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. An ordinary traffic stop constitutes a seizure of the person within the meaning of the Fourth Amendment, and is justified when an officer has either probable cause to believe a traffic violation has occurred, Whren v. United States, 517 U.S. 806, 809-10 (1996), or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct. United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)); see also United States v. Arvizu, 534 U.S. 266, 274 (2002). The level of suspicion necessary to justify such a stop "falls considerably

short of satisfying a preponderance of the evidence standard," Arvizu, 534 U.S. at 274, but the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S at 21. "The Fourth Amendment requires 'some minimal level of objective justification' for making the stop." Sokolow, 490 U.S. at 7 (quoting INS v. Delgado, 466 U.S. 210, 217 (1984)).

In this case, Officer Haines testified that he pulled the defendant over because he believed there was an expired inspection sticker on the defendant's car, which is a violation of West Virginia Code § 17C-16-9, and also that he believed that the defendant had been hunting, or preparing to hunt, from his car, which would be a violation of West Virginia law. Further, as the magistrate reported, when Officer Haines initiated the stop, his first action was to ask the defendant about the expired sticker. Hr'g Tr. 79. In his objections, the defendant contends that there was no way for Officer Haines to see the numerals depicting the date on the inspection sticker. Thus, the defendant contends, the officer could not have formed a reasonable, articulable suspicion that the defendant was engaged in any activity that would support the initiation of a traffic stop. Additionally, the defendant argues that the circumstances the officer observed were mundane and typical of rural West Virginia (a man dressed in camouflage

8

clothing looking out the window at deer) and did not support the initial traffic stop.

Based on the testimony elicited at the hearing, it is clear that Officer Haines believed the sticker was expired at the time he initiated the stop. The defendant's testimony that Officer Haines' first action was posing a question about the inspection sticker corroborates this finding. Thus, as the magistrate judge reported, even without considering the illegal hunting belief, Officer Haines had a reasonable, articulable suspicion that the defendant's inspection sticker was invalid when he initiated the stop. Because of that suspicion, the traffic stop was constitutional.

2. <u>The Search of the Interior of the Car</u>

During a routine traffic stop, an officer may ask for a driver's license and vehicle registration, run a computer check, and issue the driver a citation, but "[a]ny further investigative detention . . . is beyond the scope of the <u>Terry</u> stop and, therefore, illegal unless the officer has a reasonable suspicion of other criminal activity or the individual consents to the further detention." <u>United States v. Foreman</u>, 369 F.3d 776, 781 (4th Cir. 2004). A law enforcement officer may, however, "conduct a protective search of the passenger compartment of a lawfully stopped automobile where the 'officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the

9

officer in believing that [a] suspect is dangerous and the suspect may gain immediate control of weapons within the vehicle.'" United States v. Holmes, 376 F.3d 270, 276 (4th Cir. 2004) (quoting Michigan v. Long, 463 U.S. 1032, 1049-50 (1983)).  Further, in making the determination of whether the officer possessed a reasonable suspicion, the court must look at "the totality of the circumstances confronting a police officer including all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect." United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989).  However, in considering the totality of the circumstances, "a suspect's cooperation with police officers during a Terry stop does not, by itself, extinguish concerns that police may harbor about that suspect's dangerousness."  Holmes, 376 F.3d at 278.

In this case, Officer Haines suspected that there might be a weapon in the vehicle because he reasonably believed that the defendant was hunting from his car.  Officer Haines first observed the defendant sitting on the side of the road, staring out the window at deer, during the second day of hunting season, and wearing camouflage clothing.  Although Officer Haines did concede that the defendant's conduct during the stop was non-threatening and compliant, he also testified that based on his previous observations, he believed that the defendant may have some type of weapon used for hunting in the vehicle.

10

The defendant's objections assert that the activity Officer Haines observed was "quite common and has no indicia that any criminal activity may be afoot." ECF No. 44 *2. The defendant contends that the officer's testimony, that the facts underlying his belief are common-place in West Virginia during deer season and that his belief that the defendant was illegally hunting was merely possible, supports his position. This Court, however, agrees with the magistrate judge's finding that Officer Haines did in fact have a reasonable, articulable suspicion that the defendant may be armed and potentially dangerous based on the totality of the circumstances.

As the magistrate judge reported, Officer Haines knew that the area he was patrolling on McCutcheon Road was known for illegal hunting from vehicles. In addition, Officer Haines observed the defendant around dusk, a popular time for hunting in that area. As noted in <u>Illinois v. Wardlow</u>, "officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." 528 U.S. 119, 124 (2000). Officer Haines' knowledge of the area and his background as a natural resources officer support a reasonable suspicion that the defendant would be illegally hunting on McCutcheon Road. That background–coupled with his observations of the defendant's behavior and appearance on November 20, 2012–would support an officer's reasonable suspicion

11

that illegal hunting may be taking place, that the defendant may have some type of hunting weapon in his vehicle, and thus would be armed and potentially dangerous.

Based on the circumstances cited, this Court finds that Officer Haines had a reasonable, articulable suspicion that the defendant was hunting, or preparing to hunt, from his car. Thus, in concurrence with the magistrate judge's report and recommendation, this Court finds that Officer Haines was justified in believing the defendant was armed and potentially dangerous, and in performing a protective search of the defendant's vehicle and seizing the rifle.

## V. Conclusion

For the reasons stated above, this Court hereby OVERRULES the defendant's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to suppress is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED: September 12, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE